UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | : : : : : : : : : : : : | Case No. 3:15-mc-12 |
| | | District Judge Thomas Rose |
| Applicant, | | Chief Magistrate Judge Sharon L. Ovington |
| vs. | | |
| CANON SOLUTIONS AMERICA, INC., | | |
| Respondent. | | |

# REPORT AND RECOMMENDATION[1]

This case is before the Court on the request of the National Labor Relations Board (the "NLRB") for an order requiring compliance with its subpoena duces tecum (Doc. 1) and Respondent's memorandum in opposition (Doc. 5).  A show cause hearing was held on January 13, 2016, at which time the Court heard arguments and took the matter under advisement.  (Doc. 6).  The matter is now ripe for decision.

## I.  BACKGROUND

On June 22, 2015, Kevin Keister filed an unfair labor practices charge with the NLRB against Respondent, Canon Solutions America, Inc.  (Doc. 1, PageID # 2, 86). The charge alleged that Respondent violated Section 8(a)(1) of the National Labor Relations Act (the "Act"), 29 U.S.C. §§ 151, *et seq.*, by terminating Mr. Keister "in

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

retaliation for his protected concerted complaints" regarding Respondent's use of performance metrics in employee appraisals. (Doc. 1, PageID ## 2, 5). Respondent denied that Mr. Keister was retaliated against for engaging in a protected concerted activity, and instead maintains that Mr. Keister's termination was the result of his poor performance. (*Id*. at 2, 87; Doc. 5, PageID ## 105-106). Pursuant to the provisions of Sections 10(a) and 11(1) of the Act, the NLRB's General Counsel commenced an investigation into the unfair labor practices charge. (Doc. 1, PageID # 2).

The NLRB states that its investigation disclosed that certain employees of Respondent may have knowledge pertaining to the existence of protected concerted activity, as well as Respondent's knowledge of such activity. (*Id*. at 87). Unable to obtain complete contact information for potential witnesses through its own independent efforts, the NLRB requested from Respondent a list of certain classifications of employees working in the Dayton and Cincinnati Ohio area. (*Id.*) Respondent did not voluntarily comply with the request. (*Id*.) Accordingly, on August 7, 2015, the NLRB caused to be issued an investigative subpoena duces tecum, directing Respondent to produce, by August 17, 2015, the following:

> Your complete list and/or records of all Cincinnati and Dayton location service technicians, engineers and specialists including their name, email, address and phone number as maintained by Canon Solutions America, Inc.

(*Id*. at 6).

On August 13, 2015, Respondent filed a petition to revoke the subpoena, which the NLRB denied on October 28, 2015. (*Id*. at 3). On November 6, 2015, Respondent

2

notified the NLRB that it would not provide the records sought. (*Id*.) Respondent maintains that it offered to provide contact information for specific employees upon identification and a showing of basic relevance, but that the NLRB refused to provide any greater specificity. (Doc. 5, PageID # 106).

On November 25, 2015, the NLRB commenced the instant action, seeking an order requiring Respondent to immediately provide all records responsive to the subpoena duces tecum, issued August, 7, 2015. (Doc. 1, PageID # 4). Respondent opposes such an order, arguing that the subpoena is overbroad in time and scope, and "amount[s] to an impermissible fishing expedition and an abuse of the NLRB's authority." (Doc. 5, PageID # 106-07). Respondent argues that the records sought "neither relate[] to nor touch[] upon Mr. Keister's [allegations of unfair labor practices]," which allegations Respondent contends are unsubstantiated. (*Id*.)

## II. STANDARD OF REVIEW

Pursuant to 29 U.S.C. § 161(1), the NLRB is authorized to subpoena "any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question."[2] As an administrative agency to whom investigative authority has been statutorily delegated, the NLRB:

> has a power of inquisition, … which is not derived from the judicial function … [but] is more analogous to the Grand Jury, which does not

---

[2] "The term 'person' includes one or more individuals, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in cases under title 11 of the United States Code, or receivers." 29 U.S.C. § 152(1).

3

depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.

*United States v. Morton Salt Co.*, 338 U.S. 632, 643 (1950).

If a person refuses to comply with a subpoena for documents issued pursuant to Section 11(1) of the Act, the NLRB may apply to the appropriate district court for assistance in compelling production of the evidence sought. 29 U.S.C. § 161(2). Upon such application, if the district court determines that "the matter under investigation is within the jurisdiction of the [NLRB] and that the evidence subpoenaed is related to that matter and is described with 'sufficient particularity,' an order requiring compliance with the subpoena is appropriate." *NLRB v. ITT Telecomms.*, 415 F.2d 768, 769 (6th Cir. 1969); *NLRB v. Martins Ferry Hosp. Ass'n*, 649 F.2d 445, 448 (6th Cir. 1981).

The decision to enforce an NLRB subpoena is within the discretion of the district court. *NLRB v. Detroit Newspapers*, 185 F.3d 602, 605 (6th Cir. 1999). However, "[the] court <u>may not enforce</u> an administrative subpoena unless the request seeks relevant material and is not unduly burdensome." *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir.1994) (citing *Univ. of Pennsylvania v. EEOC*, 493 U.S. 182, 191 (1990)). "Relevance is broadly interpreted, and the [NLRB's] 'appraisal of relevancy must be accepted so long as it is not obviously wrong.'" *NLRB v. Brown,* Case No. CV15-51373, 2015 WL 9286723, at *1 (E.D. Mich. Nov. 2, 2015) (quoting *FTC v. Invention Submission Corp.,* 965 F.2d 1086, 1089 (D.C. Cir. 1992)); *NLRB v. American Medical Response, Inc.,* 438 F.3d 188, 193 (2d Cir. 2006).

4

In short, the NLRB is tasked with showing only that the information sought may be relevant to an authorized investigation, while Respondent may oppose by arguing that the request is unduly burdensome.  *See NLRB v. Greif Bros.*, Case No. 2:11-CV-112, 2011 WL 2637078, at *2 (S.D. Ohio May 26, 2011) (citing *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *NLRB v. Detroit Newspapers*, 185 F.3d 602, 605 (6th Cir. 1999)).  In turn, the "court's task is to weigh the likely relevance of the requested material to the investigation against the burden to [Respondent] of producing the material."  *Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

### III. ANALYSIS

Here, the NLRB's subpoena seeks contact information for Respondent's employees who are employed within Dayton and Cincinnati, and are classified as service technicians, engineers, and specialists.  (Doc. 1, PageID # 6).  The NLRB acknowledges that it "did *not* limit its subpoena to the witnesses who were named in the investigation," but states that this practice is "consistent with its established policy of protecting the identity of witnesses during the investigation stage."  (*Id*. at 87) (emphasis added).  Moreover, the NLRB specifies that it considers the employees falling within the scope of its subpoena to be Mr. Keister's "co-workers."  (*Id.*)  In addition, subsequent to issuing the subpoena, the NLRB agreed that its original request was not specific in its timeframe, and thus agreed to limit its request to only those employees who were employed at the same time as Mr. Keister, i.e., from January 2013 through May 29, 2015.  (Doc. 5, PageID # 117, n. 3).

In response, Respondent argues, first, that it already responded to Mr. Keister's charge by providing ample evidence that he was terminated for his ongoing poor, substandard performance. (Doc. 5, PageID ##108-09). Second, Respondent contends that Mr. Keister and the NLRB have failed to allege any facts that could constitute protected concerted activity. (*Id*. at 109-10). Third, Respondent asserts that the subpoena is impermissibly overbroad and vague, and that the NLRB requests contact information for a number of its employees without specifying how those particular employees are related to Mr. Keister's claim. (*Id*. at 110-12; 116-17).

However, to reiterate, the District Court is tasked in this case with determining whether "the matter under investigation is within the jurisdiction of the [NLRB] and [whether] the evidence subpoenaed is related to that matter and is described with 'sufficient particularity.'" *ITT Telecomms.*, 415 F.2d at 769. If the NLRB has met its burden, an order requiring compliance with the subpoena is appropriate, absent a showing that the request is unduly burdensome. *Id*. Thus, Respondent's arguments in opposition, which focus on the merits of Mr. Keister's claim and the NLRB's refusal to explain the basis for its investigation, are not relevant to the issue at hand. (Doc. 5). The NLRB contends that the contact information of Mr. Keister's co-workers is relevant to its investigation into whether Mr. Keister was terminated for engaging in protected concerted activities. Moreover, the subpoena seeks contact information for Respondent's employees, limited to only those who were: (1) employed in Dayton and Cincinnati; (2) classified as service technicians, engineers, and specialists; and (3) were

6

employed between January 2013 and May 29, 2015.  In light of the parameters of the investigation, this Court does not believe that the information sought is overbroad, nor has Respondent shown that the request is unduly burdensome.

### IV.  CONCLUSION

Accordingly, this Court believes that the NLRB has shown that the information requested is relevant to an authorized investigation.  Further, the information requested is appropriately limited and the request is not unduly burdensome to Respondent.

### IT IS THEREFORE RECOMMENDED THAT:

1. The NLRB's Application for an order requiring compliance with its subpoena duces tecum, dated August 7, 2015, be GRANTED; and

2. The District Court issue an order requiring Respondent to provide, within 21 days, a complete list and/or records, including the name, email address, mailing address, and telephone number, of all individuals who were employed by Canon Solutions America, Inc., as location service technicians, engineers and specialists, in Cincinnati and Dayton, Ohio, from January 2013 through May29, 2015.

Date:  2/23/2016                                              *s/ Sharon L. Ovington*
                                                              Sharon L. Ovington
                                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).