IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | : | Case No. 3:15-mc-12 |
| | : | Judge Thomas M. Rose |
| Applicant, | : | |
| v. | : | |
| | : | |
| CANON SOLUTIONS AMERICA, INC., | : | |
| Respondent. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL (DOC. 17) AND DENYING DEFENDANT'S MOTION FOR EXPEDITED HEARING ON DEFENDANT'S MOTION FOR STAY PENDING APPEAL, OR ALTERNATIVELY, FOR EXTENSION OF TIME (DOC. 19)**

This case is before the Court on the Motion for Stay Pending Appeal ("Motion for Stay") (Doc. 17) and Motion for Expedited Hearing on Defendant's Motion for Stay Pending Appeal, or Alternatively, for Extension of Time ("Motion for Expedited Hearing") (Doc. 19) filed by Respondent Canon Solutions America, Inc. ("Canon"). For the reasons stated below, the Court **DENIES** both the Motion for Stay and Motion for Expedited Hearing.

**I.      BACKGROUND**

On November 25, 2015, the National Labor Relations Board ("NLRB") brought this action to enforce a subpoena duces tecum (the "Subpoena") issued to Canon in connection with an investigation of alleged unfair labor practices. (Doc. 1.) The investigation was initiated by a complaint from Kevin Keister ("Keister"), which alleged that he had been fired by Canon in retaliation for protected concerted complaints about Canon's use of "performance metrics." (Doc. 1-1.) The Subpoena directs Canon to provide a "complete list and/or records of all

Cincinnati and Dayton location service technicians, engineers and specialists including their name, email, address and phone number as maintained by Canon Solutions America, Inc." (Doc. 1-2.)

On February 23, 2016, the Chief Magistrate Judge entered a Report and Recommendation, which recommended that the Court enter an order requiring compliance with the Subpoena. (Doc. 7.) On May 2, 2016, the Court adopted the Report and Recommendation, over Canon's objections, and ordered Canon to respond to the Subpoena by May 23, 2016. (Doc. 14.)

On May 16, 2016 (two weeks after the Court's adoption of the Report and Recommendation), Canon filed the Motion for Stay (Doc. 17) and Motion for Expedited Hearing (Doc. 19) which are currently before the Court. Canon first seeks an order staying the Court's Order requiring compliance with the NLRB's Subpoena until Canon receives a ruling on its appeal of the Court's Order to the United States Court of Appeals for the Sixth Circuit. (Doc. 17 at 1.) Separately, Canon seeks an expedited hearing on the Motion for Stay, or alternatively, an extension of time to respond to the Subpoena so that it may timely file an appeal before its compliance is required. (Doc. 19 at 1-2.)

On May 20, 2016, NLRB filed a Motion for Extension of Time to File Response/Reply (Doc. 20), which this Court granted on the same day. (Doc. 21.) The Order extended Canon's deadline to respond to the Subpoena to June 10, 2016. (Doc. 21, ¶ 3.) The NLRB filed a Response in Opposition on May, 24, 2016 (Doc. 23) and Canon filed a reply on May 31, 2016 (Doc. 25). This matter is therefore ripe for review.

**II.     ANALYSIS**

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the

opposing party's rights." The standard for determining whether such a stay is appropriate requires consideration of four factors:

1) Whether it is likely that Respondent will prevail on appeal,

2) Whether Respondent will suffer irreparable harm unless the stay is granted,

3) Whether other parties or interested persons will be substantially harmed, and

4) Whether the public interest will be harmed or served by granting the stay.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The final two factors merge when the government is the opposing party, as it is in this case. *Id.* at 435. The factors are not prerequisites, but are merely considerations that must be balanced. *In re E.P.A.*, 803 F.3d 804, 806 (6th Cir. 2015).

Canon argues that all four factors weigh in favor of granting a stay of the Court's Order requiring compliance with the Subpoena. The NLRB argues that Canon is unable to satisfy any of the factors. As the Court agrees with the NLRB, the Motion to Stay is denied.

### A. Whether It Is Likely That Canon Will Prevail On Appeal

While Canon does not need to show a high probability of success on the merits, it must make a *strong* showing that it is likely to succeed in order to prevail on its Motion for Stay. *Price v. Medicaid Dir.*, 2015 WL 7069349, at 3 (S.D. Ohio 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Canon argues that the Subpoena is unenforceable because the NLRB has not made a sufficient factual showing to demonstrate its jurisdiction and the relevance of the information sought by the Subpoena. (Doc. 25 at 2.)

Keister's complaint alleges an unfair labor practice squarely within the NLRB's jurisdiction—that he was terminated for engaging in "protected concerted complaints" regarding Canon's use of performance metrics in employee appraisals. 29 U.S.C.A. § 157 ("Employees

3

shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . ."); 29 U.S.C. § 158(a)(1) ("It shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title"); 29 U.S.C. § 160(b) (NLRB "shall have power" to issue complaint whenever "it is charged that any person has engaged in or is engaging in any such unfair labor practice"). In its briefing on the NLRB's application for enforcement of the Subpoena, Canon essentially argued that the NLRB must present facts stating a claim for relief to enforce its Subpoena, akin to the standard applicable on a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Canon failed to cite any authority, however, requiring the NLRB to make such a factual showing before investigating a matter within its jurisdiction.

As noted by the Chief Magistrate Judge in her Report and Recommendations (Doc. 7), which this Court adopted (Doc. 14), the NLRB is authorized to subpoena "any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question." (Doc. 7 at 3 (quoting 29 U.S.C. § 161(1)).) As an administrative agency to whom investigative authority has been statutorily delegated, the NLRB:

> has a power of inquisition, . . . which is not derived from the judicial function . . . [but] is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.

*United States v. Morton Salt Co.*, 338 U.S. 632, 643 (1950).

If a person refuses to comply with a subpoena for evidence issued pursuant to the National Labor Relations Act, the NLRB may apply to a district court to compel production of the evidence

sought. 29 U.S.C. § 161(2). The district court may compel production where "the matter under investigation is within the jurisdiction of the [NLRB]" and "the evidence subpoenaed is related to that matter and is described with 'sufficient particularity.'" *NLRB v. ITT Telecomms.*, 415 F.2d 768, 769 (6th Cir. 1969). The standard for relevance is simply whether "the material subpoenaed touches a matter under investigation." *NLRB v. Rohlen*, 385 F.2d 52, 57 (7th Cir. 1967). Moreover, "[r]elevance is broadly interpreted, and the [NLRB's] 'appraisal of relevancy must be accepted so long as it is not obviously wrong.'" *NLRB v. Brown*, Case No. CV15-51373, 2015 WL 9286723, at *1 (E.D. Mich. Nov. 2, 2015) (quoting *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1089 (D.C. Cir. 1992)).

The NLRB's investigation has revealed that several of Keister's co-workers may have knowledge regarding his alleged protected concerted activity, as well as Canon's knowledge of that activity. (Doc. 23 at 7.) The NLRB subpoenaed Canon for the contact information for Keister's co-workers to find out what they actually know. The NLRB asked for the contact information for all of Keister's co-workers—and not just the several that it identified as potentially having knowledge—to maintain the confidentiality of witnesses participating in the investigation. (Doc. 1 at 87.) The Subpoena easily meets the standard for relevance, as the information at issue clearly touches upon the matter under investigation. If, for example, Canon had knowledge that Keister was engaging in protected activity with his co-workers, it would lend weight to Keister's allegation that he was terminated because of his involvement in that activity. On the other hand, if Canon had no knowledge of such activities, then it would tend to refute Keister's claim.

Canon also argues that the subpoena is overbroad, and stated that it would be willing to provide contact information for any of Keister's co-workers specifically identified as having relevant information. (Doc. 25 at 1-2.) Canon ignores the point of requesting the broader list of

names, however. The inclusion of additional employees acts as a safeguard to protect the identity of employees who may wish to speak to the NLRB. If Keister's complaint is well-founded, identifying specific employees in the Subpoena could expose those employees to retribution or discourage their cooperation due to fear. A broader list maintains the anonymity of the sources that the NLRB wishes to interview. The inclusion of these employees does not broaden the scope of the investigation so significantly that it amounts to a "fishing expedition" as Canon fears. (Doc. 17 at 3.) Nor does it place an undue burden on Canon.

Canon has failed to show a strong likelihood of success on the merits.

### B.  Whether Canon Will Suffer Irreparable Harm Unless the Stay Is Granted

Canon argues that it has been placed in a situation that will result in irreparable harm if the stay is not granted. According to Canon, it has two options, either it will be held in contempt for not complying with the Subpoena or the issue will become moot when it provides the requested information to the NLRB.

To moot a case or controversy, the plaintiff must receive, "everything he has asked for…" meaning the "entire demand." *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). The Supreme Court has found that if a subpoena is improperly issued or enforced, a court may order the government to return or destroy the subpoenaed material. *Church of Scientology v. United States*, 506 U.S. 9, 15 (1992). This remedy is sufficient to prevent a case from becoming moot in the eyes of the Supreme Court. *Id.*

Here, Canon could provide the subpoenaed information to the NLRB. If the Sixth Circuit rules in Canon's favor, Canon could move for an order directing the NLRB to return or destroy the information. Canon also fears that if a stay is not granted, the NLRB will interview the identified employees before conclusion of the appeal and thus render the issue moot. However, if the Sixth

Circuit rules that the Subpoena is invalid, Canon also could move the court to bar the NLRB from using the contents of the interviews in any enforcement action. *United States v. AS Holdings Grp., LLC*, 521 F. App'x 405, 407 n.1 (6th Cir. 2013); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013).

As a remedy is available to Canon in the event the Subpoena is invalid, the case will not become moot if it complies with the Subpoena. Canon will not suffer harm by handing over the requested information. If Canon decides not to comply, then the harm inflicted will be of its own creation. Canon has not shown that it is threatened with irreparable harm by the denial of a stay.

### C. Whether Other Parties or Interested Persons or the Public Interest Will Be Harmed or Served By Granting the Stay

NLRB's mission of investigating, prosecuting, and remedying alleged unfair labor practices is done in furtherance of the public interest. *NLRB v. Specialty Envelope, Inc.*, 10 F.3d 1221, 1224 (6th Cir. 1993). Canon argues, however, that "the preservation of the respondents' right to appeal is also within the public interest." *NLRB v. General Motors Corp.*, 510 F. Supp. 341, 343 (S.D. Ohio 1980). Canon further notes that courts recognize a fundamental right to appeal an unfavorable decision. *Life Advocates, Inc. v. City of Asheville*, 197 F.R.D. 562, 564 (W.D.N.C. 2000).

Canon will not be denied the right to appeal. As discussed above, Canon has a remedy if the Sixth Circuit finds that the Subpoena is invalid. The availability of that remedy prevents Canon's case from becoming moot on appeal. Canon's claim that the public interest will be harmed if a stay is not granted lacks merit.

Keister and the NLRB, on the other hand, will be injured if a stay is granted. As NLRB points out, Keister's employment opportunities are affected by the outcome of this investigation.

(Doc. 23 at 10.)  Furthermore, NLRB is injured because its investigation has been needlessly postponed and it has been forced to delay an investigation into alleged unfair labor practices.  Even though this delay might be brief, it still represents a greater level of harm than Canon will suffer.

The public will be harmed by a delay in the investigation.  The NLRB has a duty to ensure unfair labor practices are eliminated and that employees are able to work without fear of retaliation.  Delaying Canon's response to the Subpoena could waste the NLRB's time and resources investigating a complaint that the subpoenaed information will show to be meritless, or it could permit unfair labor practices to continue.  In either event, a delay of the NLRB's investigation is not in the public interest.

### D.  Canon's Motion for Expedited Hearing

Canon also moved the Court for an order setting an expedited hearing on its Motion for Stay or, alternatively, for an extension of its deadline to comply with the Subpoena.  (Doc. 19.)  The purpose of the Motion for Expedited Hearing was to permit Canon sufficient time between this Court's decision on the Motion for Stay and Canon's deadline to comply with the Subpoena for Canon to seek relief from the Sixth Circuit.  As the Court has already extended Canon's deadline to comply with the Subpoena to June 10, 2016, Canon will have time to seek a stay or other relief from the Sixth Circuit.  (Doc. 21, ¶ 3.)  The Motion for Expedited Hearing is therefore denied as moot.

### III.  CONCLUSION

Canon has not shown that a stay is appropriate given the circumstances of this case.  Canon's Motion for Stay (Doc. 17) and Motion for Expedited Hearing (Doc. 19) are **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 6, 2016.

                                                    s/Thomas M. Rose

                                        _____
                                              THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE